UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WILLIAM BIRDNECKLACE,

    Plaintiff,

v.

SOPHIA THOMPSON,

    Defendant.

Civil No. 10-4130 (RHK/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff is seeking IFP status, pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "Threadbare recitations of the elements

a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, plaintiff is attempting to sue defendant Sophia Thompson under 42 U.S.C. § 1985(2) and (3). (Complaint, [Docket No. 1], p. 5, ¶ 12; pp. 14-15, ¶s 44-45.) To state an actionable § 1985 claim, a complainant must allege facts showing that his or her civil rights were violated as a result of a conspiracy. See Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001) ("[i]n order to succeed in a civil rights conspiracy claim under § 1985, a plaintiff must provide some facts suggesting a mutual understanding between defendants to commit unconstitutional acts").

The Court finds that plaintiff has failed to plead an actionable § 1985 claim here, because there are no facts alleged in his complaint which suggest that his rights under the Constitution, (or otherwise), were violated pursuant to a conspiracy. Indeed, the Court can find no reference to any conspiracy anywhere in plaintiff's complaint. In any event, there certainly are no factual allegations describing any wrongful acts or omissions by defendant, which were part of a clearly identified conspiracy designed to deprive plaintiff of any constitutional rights. Thus, the Court concludes that plaintiff has not pleaded a cognizable § 1985 civil rights claim, as he purports to do in his complaint.

Because plaintiff has not pleaded facts that would support his purported cause of action, his IFP application must be denied, and this action must be summarily dismissed,

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 20, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 3, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.